PAULA M. YOST (State Bar No. 156843)
pyost@sonnenschein.com
IAN R. BARKER (State Bar No. 240223)
ibarker@sonnenschein.com
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

Attorneys for Plaintiff
SHINGLE SPRINGS BAND OF MIWOK INDIANS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHINGLE SPRINGS BAND OF MIWOK INDIANS,<br><br>　　　Plaintiff,<br><br>　v.<br><br>CESAR CABALLERO,<br><br>　　　Defendant. | CASE NO.<br><br>COMPLAINT FOR TRADEMARK AND TRADE NAME INFRINGEMENT, UNFAIR COMPETITION, AND DECLARATORY JUDGMENT |

By this action, the Plaintiff Shingle Springs Band of Miwok Indians — a sovereign Indian tribe that is formally recognized by the United States government as "Shingle Springs Band of Miwok Indians" (hereinafter referenced as "Tribe" or "Plaintiff") — seeks to protect its interest in its federally recognized name, and alleges as follows:

**JURISDICTION**

1. The Court has jurisdiction over this action pursuant to 15 U.S.C. Sections 1121 and 1125(a) and 28 U.S.C. Sections 1331 and 1367.

**VENUE**

2. Venue is proper in this federal judicial district pursuant to 28 U.S.C. Section 1391(b) because Defendant resides in this judicial district and a substantial part of the events or omissions on which the claims are based occurred in this judicial district.

COMPLAINT

# PARTIES

3. The Tribe is a sovereign Indian tribe that is officially recognized and registered by the United States as the "Shingle Springs Band of Miwok Indians, Shingle Springs Rancheria (Verona Tract)." 73 Fed. Reg. 18553, 18556 (2008). The Tribe possesses sovereign lands in El Dorado County, California, which the United States holds in trust for the Tribe's use and benefit.

4. The Tribe is informed and believes, and on that basis alleges, that Defendant Cesar Caballero is, and at all times relevant was, a citizen of California residing in El Dorado County, California, and purporting to do business as "Shingle Springs Band of Miwok Indians."

# GENERAL ALLEGATIONS

5. The Tribe has been recognized by the United States government as the "Shingle Springs Band of Miwok Indians," and has operated its tribal government under that name. 47 Fed. Reg. 53130, 53133 (1982); 73 Fed. Reg. 18553, 18556 (2008). The Tribe is informed and believes, and on that basis alleges, that the Tribe's use of its federally recognized name predates Defendant's use of the same name.

6. In addition to providing government services to its members under the "Shingle Springs Band of Miwok Indians" name, the Tribe has also used the name in connection with advertising, promoting, and operating various commercial ventures of the Tribe, including its Red Hawk Casino gaming facility. The Tribe is informed and believes, and on that basis alleges, that its use of the name in connection with its commercial ventures also predates Defendant's use of the name.

7. On or about August 19, 2008, Defendant filed with the Office of the El Dorado County Clerk a Fictitious Business Name Statement (the "Statement") declaring, under penalty of perjury, that he is doing business as "Shingle Springs Band of Miwok Indians." Attached hereto as Exhibit A, and incorporated herein by this reference, is what Plaintiff alleges, on information and belief, constitutes a true and correct copy of the Statement.

8. Defendant, who the Tribe is informed and believes is approximately 38 years old, also declared in the Statement, under penalty of perjury, that he individually commenced to

1  transact business under the name "Shingle Springs Band of Miwok Indians" in the year 1914 (over
2  90 years ago).  The Tribe is informed and believes that this declaration is false.
3    9. Defendant, in the Statement, indicated that his title in the fictitious business
4  "Shingle Springs Band of Miwok Indians" is that of "Tribal Historian."
5    10. The Tribe is informed and believes, and on that basis alleges, that Defendant has,
6  on multiple occasions, caused the Statement to be published in the *Mountain Democrat*, a
7  newspaper of general circulation in El Dorado County.
8    11. As between the parties, the Tribe was first to use of the name "Shingle Springs
9  Band of Miwok Indians" and its use predates Defendant's use of the name.
10   12. Upon discovering Defendant's use of the name "Shingle Springs Band of Miwok
11 Indians," counsel for the Tribe sent a cease and desist letter to Defendant but has not received any
12 response.
13   13. The name "Shingle Springs Band of Miwok Indians" has acquired secondary
14 meaning, and Defendant's unauthorized use of that name, or another similar name, is likely to
15 cause confusion or deception among members of the public as to the identity or source of goods,
16 services, or activities associated with the Tribe.  The Tribe is informed and believes that
17 Defendant's use of the Tribe's name has in fact caused such confusion.
18   14. Defendant has no authority or permission to act on the Tribe's behalf in any
19 capacity or to use its name for any purpose, whatsoever.
20   15. The Tribe is informed and believes that Defendant has used, and will continue to
21 use, the name "Shingle Springs Band of Miwok Indians" in a commercial venture, trade, or
22 business, and/or for solicitation.

## FIRST CAUSE OF ACTION

**(Infringement of Unregistered Trademark and Trade Name and Unfair Competition**

**In Violation of the Lanham Act, 15 U.S.C. Section 1125(a))**

26   16. The Tribe hereby repeats, repleads, and incorporates herein by reference as though
27 fully set forth herein each and every allegation contained in paragraphs 1 through 15, inclusive, of
28 the Complaint.

17. The Tribe is the owner of the "Shingle Springs Band of Miwok Indians" trademark and trade name and has the exclusive right to use the mark nationwide. Through the Tribe's extensive use, advertising, and promotion of the "Shingle Springs Band of Miwok Indians" mark, the mark is distinctive, well-known, and widely recognized by the public as identifiers of Tribe as the source of goods and services.

18. Despite the Tribe's prior rights in, and prior consumer recognition of, the "Shingle Springs Band of Miwok Indians" mark, Defendant adopted and has been using infringing marks.

19. Defendant's use of the infringing marks is without the authorization or consent of the Tribe.

20. Defendant's use of the mark "Shingle Springs Band of Miwok Indians" constitutes infringement of the Tribe's unregistered trademark and trade name rights, unfair competition, false designation of origin and false representations in its trademark and trade name. Defendant's actions, wrongfully and falsely designating its business as originating from, connected with, or authorized by the Tribe, constitute utilization of false descriptions or representations in commerce, in violation of the Lanham Act, 15 U.S.C. Section 1125(a).

21. Defendant's use, advertising, and promotion of the mark "Shingle Springs Band of Miwok Indians" has created and continues to create a likelihood of confusion, mistake, or deception as to the affiliation, connection, association, origin, sponsorship, approval, commercial activities, nature, characteristics, or qualities of Defendant's business in connection with the Tribe.

22. Defendant's use of the mark "Shingle Springs Band of Miwok Indians" has caused irreparable harm to the Tribe, including but not limited to, detriment to and diminution in value of the Tribe's trademark and trade name.

23. As a result of the aforesaid acts, the Tribe is entitled to preliminary and permanent injunctive relief to enjoin Defendant's acts infringing the Tribe's trademark and trade name, and to recover its damages and Defendant's gains, profits, and advantages obtained as a result of the acts alleged above, and treble damages and enhanced profits in an amount to be determined.

24. Defendant knew or had reason to know of the Tribe's widely recognized use of its trademark and trade name and deliberately copied its mark. Given that Defendant's actions were

willful, deliberate, and fraudulent, this is an exceptional case, and the Tribe is entitled to damages and an award of reasonable attorneys' fees against Defendant.

## SECOND CAUSE OF ACTION

### (Common Law Trademark and Trade Name Infringement)

25.   The Tribe hereby repeats, repleads, and incorporates herein by reference as though fully set forth herein each and every allegation contained in paragraphs 1 through 24, inclusive, of the Complaint.

26.   Defendant's misappropriation, use, and infringement on the Tribe's trademark and trade name violates California Business and Professions Code, Section 14401 et seq., Section 21300 et seq., and common law protection of trademarks and trade names.

27.   As a result of Defendant's unauthorized and impermissible use of the Tribe's trademark and trade name, the Tribe has been damaged in an amount to be shown at trial.

28.   In accordance with California Business and Professions Code Sections 14402 and 14493, California Corporations Code Section 21308(2), and common law protection of the Tribe's trademark and trade name, the Tribe is entitled to injunctive relief to enjoin Defendant, his agents, servants, employees, successors, assigns, and all those controlled by them from using the mark "Shingle Springs Band of Miwok Indians," or any similar mark.

## THIRD CAUSE OF ACTION

### (Unfair Competition in Violation of the California Business and Professions Code — Fraudulent Statements/False Advertising)

29.   The Tribe hereby repeats, repleads, and incorporates herein by reference as though fully set forth herein each and every allegation contained in paragraphs 1 through 28, inclusive, of the Complaint.

30.   Defendant has made and disseminated, and/or caused to be made and disseminated, before the public in this state, false and misleading advertising and other statements including the words "Shingle Springs Band of Miwok Indians," or a similar name, to mislead customers and the public into believing Defendant was affiliated with the Tribe.

31.     The dissemination of such information is likely to deceive members of the public, has caused harm to the Tribe, and will continue to cause harm to the Tribe as a result of Defendant's ongoing deception.

32.     Defendant's making and disseminating, and/or causing the making and disseminating, of false and misleading statements to the public, concerning the business of Defendant, violates the California Business and Professions Code Sections 17200 et seq. and 17500 et seq.

33.     The Tribe has been injured by the unlawful, unfair, and fraudulent business practices and false advertising of Defendant as described herein and such practices present a continuing threat to the Tribe.  The Tribe is informed and believes that Defendant will not discontinue its fraudulent conduct and false advertising unless an injunction is issued by this Court.

34.     In accordance with California Business and Professions Code Sections 17203 and 17535, the Tribe is entitled to injunctive relief to enjoin Defendant, his agents, servants, employees, successors, assigns, and all those controlled by them from using the name "Shingle Springs Band of Miwok Indians," or any similar name, and from falsely representing to the public that any business, product, or activity of Defendant is associated in any way with the Tribe.

## FOURTH CAUSE OF ACTION

**(Declaratory Judgment)**

35.     The Tribe hereby repeats, repleads, and incorporates herein by reference as though fully set forth herein each and every allegation contained in paragraphs 1 through 34, inclusive, of the Complaint.

36.     An actual, present controversy exists between the Tribe and Defendant because the Tribe contends that it is the owner of the "Shingle Springs Band of Miwok Indians" mark, that its use of the mark "Shingle Springs Band of Miwok Indians" predates any use by Defendant, that Defendant did not commence to transact business under that mark in 1914, and that Defendant has no rights, and has never had any such rights, to use the mark "Shingle Springs Band of Miwok Indians" in any way.  On information and belief, Defendant disagrees with this contention.

37. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. Section 2201 et seq., the Tribe therefore seeks a judicial declaration that, notwithstanding Defendant's filing of a Fictitious Business Name Statement, the Tribe is the owner of the "Shingle Springs Band of Miwok Indians" mark, that the Tribe used the mark "Shingle Springs Band of Miwok Indians" prior to any use by Defendant, that Defendant did not commence to transact business under the mark "Shingle Springs Band of Miwok Indians" in 1914, and that Defendant has no rights, and has never had any such rights, to use the mark "Shingle Springs Band of Miwok Indians" in any way.

## **PRAYER**

**WHEREFORE**, the Tribe prays for judgment as follows:

A. That Defendant, his agents, servants, employees, successors, assigns, and all those controlled by them, or in active concert or participation with them, be preliminary and permanently enjoined:

1. From reproducing, copying, counterfeiting, colorably imitating, or otherwise using in any way without the consent of the Tribe, the mark "Shingle Springs Band of Miwok Indians."

2. From using in any way any other mark, designation, or symbol so similar to the mark "Shingle Springs Band of Miwok Indians" as to cause likely confusion, or cause mistake, or deceive.

3. From circulating advertising or promotional literature, or advertising any product or service bearing the mark "Shingle Springs Band of Miwok Indians."

4. From representing that Defendant is in any way associated or affiliated with, or authorized, approved, or licensed by the Tribe.

B. That Defendant be ordered to deliver for destruction all articles of merchandise, displays, signs, plaques, advertisements, packaging, brochures, order forms, price lists, or any other materials in Defendant's possession or control or in the possession or control of Defendant's agents which bear mark "Shingle Springs Band of Miwok Indians" or any other confusingly similar marks.

C. That Defendant be ordered to withdraw any Fictitious Business Name Statement that he may have filed in any jurisdiction, by which he purports to do business as "Shingle Springs Band of Miwok Indians" or any other confusingly similar name.

D. That Defendant be ordered to file with this Court and serve on the Tribe within 14 days after entry of such order, a report in writing, under oath, setting forth in detail the manner of Defendant's compliance with all of the foregoing requirements.

E. That Defendant be required to account for and pay over to the Tribe, all gains, profits, and advantages derived by Defendant from Defendant's infringement of the Tribe's mark.

F. That Defendant be ordered to pay to the Tribe as punitive damages a sum equal to three (3) times the amount of the Tribe's actual damages, plus interest and costs of this action.

G. That the Tribe recover prejudgment interest on its damages.

H. That Defendant be ordered to pay the Tribe's costs of suit and, as an exceptional case under the Lanham Act, attorney's fees to the Tribe .

I. That the Court issue a judicial declaration that, notwithstanding Defendant's filing of any Fictitious Business Name Statement, the Tribe is the owner of the "Shingle Springs Band of Miwok Indians" mark, that the Tribe used the mark "Shingle Springs Band of Miwok Indians" prior to any use by Defendant, that Defendant did not commence to transact business under the mark "Shingle Springs Band of Miwok Indians" in 1914, that the Tribe used the mark "Shingle Springs Band of Miwok Indians" prior to any use by Defendant, and that Defendant has no rights, and has never had any such rights, to use the mark "Shingle Springs Band of Miwok Indians" in any way.

J. That the Court grant the Tribe such other relief as the Court deems just.

Dated: December 23, 2008                    SONNENSCHEIN NATH & ROSENTHAL LLP


By:  /s/ Ian R. Barker
    Paula M. Yost
    Ian R. Barker

Attorneys for Plaintiff
SHINGLE SPRINGS BAND OF MIWOK INDIANS

# EXHIBIT A

**2008A0001180**
FILE #

**TYPE OF FILING** (Check one)
☐ Original
☐ New Filing
  (Change(s) in facts from previous filing)
☐ Refile
  (No Change(s) in facts from previous filing)

Previous file # _____
SEE REVERSE FOR INSTRUCTIONS

**OFFICE OF THE EL DORADO COUNTY CLERK**
360 Fair Lane
Placerville CA 95667   30 —
**FICTITIOUS BUSINESS NAME STATEMENT**

**FILING FEE**
$30.00 FOR FIRST BUSINESS NAME ON STATEMENT
$5.00 FOR EACH ADDITIONAL BUSINESS NAME FILED ON SAME STATEMENT AND DOING BUSINESS AT THE SAME LOCATION
$5.00 FOR EACH ADDITIONAL OWNER IN EXCESS OF ONE OWNER

**FILED**
AUG 19 2008
WILLIAM E. SCHULTZ, Recorder-Clerk
By _____

The following person (persons) is (are) doing business as:

* **Shingle Springs Band of Miwok Indians**
  Print Fictitious Business Name(s)

** 6368 Pleasant Valley Rd  | 6368 Pleasant Valley Rd
   Street address of principal place of business | Mailing address if different
   El Dorado   CA   95623   El Dorado | El Dorado   CA   95623
   City   State   Zip   COUNTY | City   State   Zip

*** REGISTERED OWNER(S):
1. Cesar Caballero
   Full Name
   6368 Pleasant Valley Rd
   Residence Address
   El Dorado   CA   95623
   City   State   Zip

2. _____

3. _____

4. _____

IF MORE THAN FOUR REGISTRANTS, ATTACH ADDITIONAL SHEET SHOWING OWNER INFORMATION

**** THIS BUSINESS IS CONDUCTED BY: (Check one)
☑ an Individual   ☐ a General Partnership   ☐ a Limited Partnership   ☐ a Limited Liability Company
☐ an Unincorporated Association other than a Partnership   ☐ a Corporation   ☐ a Trust   ☐ Copartners
☐ Husband and Wife   ☐ Joint Venture   ☐ State or Local Registered Domestic Partners   ☐ a Limited Liability Partnership

***** The registrant commenced to transact business under the fictitious business name or names listed above on __1914__
(Insert N/A above if you haven't started to transact business)

I declare that all information in this statement is true and correct.
(A registrant who declares as true information which he or she knows to be false is guilty of a crime.)

SIGNATURE OF REGISTRANT  _Cesar Caballero_
_Cesar Caballero / Tribal Historian_
Print name of person signing. If corporation, also print corporate title of officer. If LLC, also print title of officer or manager.

This statement was filed with the County Clerk of El Dorado County on the date indicated by the filed stamp in the upper right corner.

NOTICE – IN ACCORDANCE WITH SUBDIVISION (a) OF SECTION 17920, A FICTITIOUS NAME STATEMENT GENERALLY EXPIRES AT THE END OF FIVE YEARS FROM THE DATE ON WHICH IT WAS FILED IN THE OFFICE OF THE COUNTY CLERK, EXCEPT, AS PROVIDED IN SUBDIVISION (b) OF SECTION 17920, WHERE IT EXPIRES 40 DAYS AFTER ANY CHANGE IN THE FACTS SET FORTH IN THE STATEMENT PURSUANT TO SECTION 17913 OTHER THAN A CHANGE IN THE RESIDENCE ADDRESS OF A REGISTERED OWNER. A NEW FICTITIOUS BUSINESS NAME STATEMENT MUST BE FILED BEFORE THE EXPIRATION.

THE FILING OF THIS STATEMENT DOES NOT OF ITSELF AUTHORIZE THE USE IN THIS STATE OF A FICTITIOUS BUSINESS NAME IN VIOLATION OF THE RIGHTS OF ANOTHER UNDER FEDERAL, STATE, OR COMMON LAW (SEE SECTION 14411 ET SEQ., BUSINESS AND PROFESSIONS CODE).

*I HEREBY CERTIFY THAT THIS COPY IS A CORRECT COPY OF THE ORIGINAL STATEMENT ON FILE IN MY OFFICE.*

WILLIAM E. SCHULTZ, EL DORADO COUNTY CLERK   BY: _____, Deputy

Rev. 01/01/08

White-County Clerk   Canary-Newspaper   Pink-Bank or other Agency   Goldenrod-Registrant