1  PAULA M. YOST (State Bar No. 156843)
   pyost@sonnenschein.com
2  MARY KAY LACEY (State Bar No. 142812)
   mlacey@sonnenschein.com
3  IAN R. BARKER (State Bar No. 240223)
   ibarker@sonnenschein.com
4  SONNENSCHEIN NATH & ROSENTHAL LLP
   525 Market Street, 26th Floor
5  San Francisco, CA 94105-2708
   Telephone: (415) 882-5000
6  Facsimile: (415) 882-0300

7  Attorneys for Plaintiff and Counter-Defendant
   SHINGLE SPRINGS BAND OF MIWOK INDIANS
8

**FILED**

MAY 20 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
           DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| SHINGLE SPRINGS BAND OF MIWOK INDIANS,<br><br>    Plaintiff,<br><br>v.<br><br>CESAR CABALLERO,<br><br>    Defendant.<br><br>───────────────────────────<br><br>CESAR CABALLERO, on behalf of himself and those similarly situated,<br><br>    Counter-Plaintiff,<br><br>v.<br><br>SHINGLE SPRINGS BAND OF MIWOK INDIANS,<br><br>    Counter-Defendant. | Case No. 2:08-CV-03133-JAM-DAD<br><br>[PROPOSED] ORDER GRANTING SHINGLE SPRINGS BAND OF MIWOK INDIANS' MOTION TO DISMISS OR, ALTERNATIVELY, TO STRIKE CESAR CABALLERO'S COUNTERCLAIMS<br><br>Date:      May 20, 2009<br>Time:      9:00 a.m.<br>Courtroom: 6<br><br>Judge:     Hon. John A. Mendez |

After full consideration of Shingle Springs Band of Miwok Indians' (the "Tribe") Motion To Dismiss or, Alternatively, To Strike Cesar Caballero's Counterclaims, the Supporting Memorandum of Points and Authorities, the Declaration of Nicholas Fonseca, the Tribe's Request for Judicial Notice, the Tribe's Compendium of Unpublished Cases, all additional pleadings and papers filed in this matter, including the papers submitted by Counter-Plaintiff, and the arguments of counsel, the Court finds there is good cause to GRANT the motion on the ground that the Court lacks subject matter jurisdiction.

First, this Court lacks subject matter jurisdiction over the action because the Tribe possesses sovereign immunity to suit, and that immunity has not been waived. Fed. R. Civ. Pro. 12(b)(1). Second, this Court lacks subject matter jurisdiction to adjudicate a challenge to the status of a tribe that appears on the United States' list of federally-recognized tribes, and Mr. Caballero, and the "Indigenous Miwoks" he purports to represent, cannot state a claim for relief as a matter of law. Fed. R. Civ. Pro. 12(b)(1), (6). Third, Mr. Caballero's challenge to the Tribe's federal recognition is simply non-justiciable, as the Tribe's status in relation to the United States is a political question beyond the province of any court. Fed. R. Civ. Pro. 12(b)(1), (6). Fourth, to the extent Counter-Plaintiff claims he and the persons he purports to represent were wrongfully denied membership in the Shingle Springs Band, this Court's also lacks subject matter jurisdiction to adjudicate it, because only the Tribe itself is empowered to grant membership, and no claim for federal relief can be stated. Fed. R. Civ. Pro. 12(b)(1), (6). Fifth, Mr. Caballero's challenge is time-barred, since, as a matter of law, he and other members of the Tribe have been aware of the Tribe's federal recognition for 30 years. Fed. R. Civ. Pro. 12(b)(6). Seventh, Mr. Caballero's countersuit cannot state a claim upon which relief can be granted because, as a matter of law, a federally-recognized Indian tribe cannot be enjoined from using its own federally-recognized name, under the guise of trademark law or otherwise. *Id.* Finally, the United States is a necessary and indispensable party to Mr. Caballero's challenge of the United States' recognition of the Shingle Springs Band and his claim to their lands, but cannot be joined because of its immunity, requiring dismissal. Fed. R. Civ. Pro. 12(b)(7).

-2-

[PROPOSED] ORDER GRANTING SHINGLE SPRINGS BAND OF MIWOK INDIANS' MOTION TO DISMISS OR, ALTERNATIVELY, TO STRIKE CESAR CABALLERO'S COUNTERCLAIMS

Accordingly, pursuant to Federal Rules of Civil Procedure 12(b)(1), the Court hereby orders that Counter-Plaintiff's complaint is, in its entirety, DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction. In addition, the Court finds that dismissal also would be warranted if it had subject matter jurisdiction, because Counter-Plaintiff has failed to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6) and because the United States is an indispensable party that cannot be joined, requiring dismissal under Rule 12(b)(7).

IT IS SO ORDERED.

DATED: 5-20-09

The Honorable John A. Mendez
United States District Judge

-3-

[PROPOSED] ORDER GRANTING SHINGLE SPRINGS BAND OF MIWOK INDIANS' MOTION TO DISMISS OR, ALTERNATIVELY, TO STRIKE CESAR CABALLERO'S COUNTERCLAIMS