PAULA M. YOST (State Bar No. 156843)
pyost@sonnenschein.com
IAN R. BARKER (State Bar No. 240223)
ibarker@sonnenschein.com
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

Attorneys for Plaintiff
SHINGLE SPRINGS BAND OF MIWOK INDIANS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHINGLE SPRINGS BAND OF MIWOK INDIANS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CESAR CABALLERO,<br><br>　　　　Defendant. | CASE NO. 2:08-CV-03133-JAM-DAD<br><br>**TEMPORARY RESTRAINING ORDER AGAINST DEFENDANT CESAR CABALLERO**<br><br>Date:　　　TBD<br>Time:　　　TBD<br>Courtroom:　6<br><br>Judge:　　　Hon. John A. Mendez |

Plaintiff filed a Second Amended Complaint alleging, *inter alia*, violations of the Lanham Act, trademark infringement, and unfair competition, and seeking preliminary and permanent injunctive and other relief as set forth therein. In addition, Plaintiff filed an Application seeking a temporary restraining order pending a hearing on a request for a preliminary injunction, and submitted evidence in support of that Application. After considering Plaintiff's Application, including the allegations, evidence and arguments submitted in support of the Tribe's Application, the Court hereby finds the following:

1. Plaintiff Shingle Springs Band of Miwok Indians is a sovereign Indian tribe federally recognized and registered by the United States by that name (and hereinafter referenced by "Tribe");

2. The evidence indicates that the Tribe has been registered as the "Shingle Springs Band of Miwok Indians, Shingle Springs Rancheria (Verona Tract), California" for over 30 years (*see* 45 Fed. Reg. 27828, 27830 (April 24, 1980)), and the Tribe alleges, and has presented evidence showing that, the use of the name "Shingle Springs Band of Miwok Indians" by defendant Cesar Caballero ("Mr. Caballero"), who all parties agree is not a member of the Tribe, post-dates the Tribe's use of the Tribe's name;

3. The Tribe has moved the Court for an order temporarily restraining Mr. Caballero from using the Tribe's federally-recognized name, and any confusingly similar variation of said name, based on Mr. Caballero's recent misappropriation of the Tribe's name to divert the Tribe's mail to Mr. Caballero;

4. Specifically, Plaintiff has submitted credible evidence that Mr. Caballero held himself out to the United States government to be a representative of the Tribe, for purposes of successfully diverting mail that was addressed to the Tribe and that was otherwise to be delivered by the United States Postal Service ("USPS") to the Tribal government office on the Shingle Springs Rancheria, a federal reservation held for the Shingle Springs Band of Miwok Indians. In particular, based on the evidence presented, it appears Mr. Caballero, purporting to be the "Shingle Springs Miwok Tribe," completed and submitted paperwork with the USPS for purposes of having the Tribe's mail forwarded to Mr. Caballero's own personal address;

-1-

Case No. 2:08-CV-03133 JAM-DAD      [PROPOSED] TEMPORARY RESTRAINING ORDER AGAINST CESAR CABALLERO

5. The Tribe's evidence shows that Mr. Caballero successfully diverted the Tribe's mail; that the Tribe's mail regularly contains sensitive correspondence, including checks payable to the Tribe as well as confidential material; and that Mr. Caballero's misappropriation of the Tribe's official mail could interfere with the integrity of the Tribe's governmental operations;

6. Given the serious nature of the apparent actions of Mr. Caballero as supported by the evidence submitted, the likelihood of the Tribe demonstrating that it has superior rights to its federally-recognized name and confusingly similar variations thereof, the likelihood the Tribe will suffer imminent and irreparable harm, the balance of the comparative harms, and the temporary nature of the relief requested by the Tribe, the Court hereby grants immediate, temporary relief, pending a hearing on the Tribe's motion for a preliminary injunction, contemporaneously filed herewith, as follows:

   a. Mr. Caballero may not use, or represent to third parties, including the United States government, that he is associated with or a representative of, the "Shingle Springs Band of Miwok Indians," the "Shingle Springs Miwok Tribe," or any confusingly similar variation thereof;

   b. Mr. Caballero must immediately return to the Tribe any mail diverted from the Tribe to Mr. Caballero through the processes of the United States Postal Service.

7. A hearing on the Tribe's motion for a preliminary injunction is scheduled for _September 15 at 9:30 A.M._, 2010, with Defendant's Opposition papers due to be filed _September 8_, 2010, and the Plaintiff's Reply, if any, due to be filed _September 13_, 2010.

8. [Given the comparative equities and the potential risk of harm to Mr. Caballero with the grant of the requested relief, the Tribe is required to post a bond in the amount of _____.] Given that the balance of the potential hardships each party would suffer weighs overwhelmingly in favor of the party seeking the relief, any bond requirement is waived.

9. Defendant is further notified that he has the right to apply to this Court for modification or dissolution of this Order on two (2) days notice or such shorter notice as the Court may allow. (Local Rule 231; Fed. R. Civ. P. 65(b)(4)).

Case No. 2:08-CV-03133 JAM-DAD                              [PROPOSED] TEMPORARY RESTRAINING
                                                            ORDER AGAINST CESAR CABALLERO

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1  IT IS SO ORDERED.

4  DATED: 9-3-2010

The Honorable John A. Mendez
United States District Judge

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000