| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | PAULA M. YOST (State Bar No. 156843)<br>pyost@sonnenschein.com<br>IAN R. BARKER (State Bar No. 240223)<br>ibarker@sonnenschein.com<br>SONNENSCHEIN NATH & ROSENTHAL LLP<br>525 Market Street, 26th Floor<br>San Francisco, CA 94105-2708<br>Telephone: (415) 882-5000<br>Facsimile: (415) 882-0300 |



**FILED**

SEP 1 5 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

Attorneys for Plaintiff
SHINGLE SPRINGS BAND OF MIWOK INDIANS

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHINGLE SPRINGS BAND OF MIWOK INDIANS,<br><br>     Plaintiff,<br><br>v.<br><br>CESAR CABALLERO,<br><br>     Defendant. | CASE NO. 2:08-CV-03133-JAM-DAD<br><br>[~~PROPOSED~~ ~~MODIFIED~~] JAM<br>PRELIMINARY INJUNCTION<br>AGAINST DEFENDANT CESAR<br>CABALLERO<br><br>Date:       September 15, 2010<br>Time:       9:30 a.m.<br>Courtroom: 6<br><br>Judge:      Hon. John A. Mendez |

Plaintiff filed a Second Amended Complaint alleging, *inter alia*, violations of the Lanham Act, trademark infringement, and unfair competition, and seeking preliminary and permanent injunctive and other relief as set forth therein. In addition, Plaintiff filed an Application seeking a temporary restraining order pending a hearing on a request for a preliminary injunction, and submitted evidence in support of that Application. After earlier granting the Tribe's requested temporary restraining order, and after now considering the allegations, evidence and arguments submitted in support of the Tribe's Application for a preliminary injunction, and all arguments and evidence presented in Opposition and at the hearing, the Court hereby finds the following:

1. Plaintiff Shingle Springs Band of Miwok Indians is a sovereign Indian tribe federally recognized and registered by the United States by that name (and hereinafter referenced by "Tribe");

2. The evidence indicates that the Tribe has been registered as the "Shingle Springs Band of Miwok Indians, Shingle Springs Rancheria (Verona Tract), California" for over 30 years (*see* 45 Fed. Reg. 27828, 27830 (April 24, 1980)), and the Tribe alleges, and has presented evidence showing that, the use of the name "Shingle Springs Band of Miwok Indians" by defendant Cesar Caballero ("Mr. Caballero"), who all parties agree is not a member of the Tribe, does not predate the Tribe's continuous use of the Tribe's name in commerce;

3. The Tribe has moved the Court for an order temporarily restraining Mr. Caballero from using the Tribe's federally-recognized name, and any confusingly similar variation of said name, based on Mr. Caballero's recent misappropriation of the Tribe's name to divert the Tribe's mail to Mr. Caballero;

4. Specifically, Plaintiff has submitted credible evidence that Mr. Caballero held himself out to the United States government to be a representative of the Tribe, for purposes of successfully diverting mail that was addressed to the Tribe and that was otherwise to be delivered by the United States Postal Service ("USPS") to the Tribal government office on the Shingle Springs Rancheria, a federal reservation held for the Shingle Springs Band of Miwok Indians, as well as at a post pffice box assigned to the Tribe. In particular, based on the evidence presented, it appears Mr. Caballero, purporting to represent the "Shingle Springs Band of Miwok Indians,"

-1-

Case No. 2:08-CV-03133 JAM-DAD  [PROPOSED] PRELIMINARY INJUNCTION AGAINST CESAR CABALLERO

1   "Shingle Springs Miwok Tribe" and "Shingle Springs Rancheria," completed and submitted
2   paperwork with the USPS for purposes of having the Tribe's mail forwarded to Mr. Caballero's
3   own personal address;

4    5.    The Tribe's evidence shows that Mr. Caballero successfully diverted the Tribe's
5   mail; that the Tribe's mail regularly contains sensitive correspondence, including checks payable
6   to the Tribe as well as confidential material; and that Mr. Caballero's misappropriation of the
7   Tribe's official mail could interfere with the integrity of the Tribe's governmental operations;

8    6.    The Tribe's evidence further shows that after the Court issued the temporary
9   restraining order, Mr. Caballero, with full knowledge of the temporary restraining order,
10   intentionally violated it, and tried to resurrect the re-routing of the mail deliveries. He apparently
11   did so with the assistance of a staff member of Mr. Caballero's attorney's law office. The
12   evidence also shows that Mr. Caballero failed to "immediately return" to the Tribe the mail that he
13   diverted, notwithstanding this Court's order that he do so;

14    7.    Given the serious nature of the apparent actions of Mr. Caballero as supported by
15   the evidence submitted, the likelihood of the Tribe demonstrating that it has superior rights to its
16   federally-recognized name and confusingly similar variations thereof, the likelihood the Tribe will
17   suffer imminent and irreparable harm, the balance of the comparative harms, and the interim and
18   preliminary nature of the relief requested by the Tribe, the Court hereby grants the Tribe's
19   requested preliminary injunction, pending final resolution of this action, as follows:

20    a.    Mr. Caballero may not use, or represent to third parties, including the
21   United States government, that he is associated with or a representative of, the "Shingle Springs
22   Band of Miwok Indians," the "Shingle Springs Rancheria," the "Shingle Springs Miwok Tribe,"
23   the "Shingle Springs Miwok Indians," or any confusingly similar variation thereof;

24    b.    Mr. Caballero also may not represent that he is associated with, or lives on,
25   the Shingle Springs Rancheria, the sovereign territory and land base that is held in trust by the
26   United States for the Tribe;

27
28

      c.      This injunction does not seek to preclude Mr. Caballero from petitioning the Department of Interior for federal recognition for any tribal entity he represents, so long as he does not misrepresent that he his authorized to speak or act for the Tribe;

      d.      Mr. Caballero must immediately return, without further delay, to the Tribe any and all mail diverted from the Tribe to Mr. Caballero through the processes of the United States Postal Service.

7.  ~~Given the comparative equities and the potential risk of harm to Mr. Caballero with the grant of the requested relief, the Tribe is required to post a bond in the amount of~~ Given that the balance of the potential hardships each party would suffer weighs overwhelmingly in favor of the party seeking the preliminary injunction, any bond requirement is waived.

8.  This Order shall constitute notice to Mr. Caballero and his legal counsel that, upon a proper showing that the terms of this preliminary injunction have been violated, either or both may be held in contempt, with the consequent imposition of appropriate sanctions, including, but not limited to, monetary sanctions or imprisonment.

IT IS SO ORDERED.

DATED: 9-15-2010

_____
The Honorable John A. Mendez
United States District Judge

27352841\V-5

Case No. 2:08-CV-03133 JAM-DAD

-3-

[PROPOSED] PRELIMINARY INJUNCTION AGAINST CESAR CABALLERO