

WISEMAN LAW GROUP
A PROFESSIONAL CORPORATION

Joseph J. Wiseman
Jennifer C. Noble
Jacquelyn E. Larson

## REQUEST FOR ANCILLARY APPOINTMENT UNDER THE CRIMINAL JUSTICE ACT

November 21, 2011

Honorable Edmund F. Brennan
United States District Court Judge
Eastern District of California
501 I Street
Sacramento, California 95814

    Re:   *Request for Ancillary Appointment*
           ***United States v. Caballero*, Case No. CR S 11-0035 EFB.**

Dear Judge Brennan:

    I represent Cesar Caballero in the federal criminal matter *United States v. Caballero*, Case No. CR S 11-0035 EFB. I am writing to request authorization for ancillary appointment to represent Mr. Caballero in the federal civil matter, 08-CV-03133 JAM, which, in my view, is associated with his criminal case.

    On August 30, 2011, after a bench trial, this Court convicted Mr. Caballero of violating three counts of 18 U.S.C. § 1701, Obstruction of Mail. The substance of the charges was that he willfully obstructing the passage of the mail by submitting change of address orders to the United States Postal Service to divert the mail addressed to the Shingle Springs Band of Miwok Indians. Mr. Caballero has been engaged in a long-standing legal dispute with the Indian tribe that operates the Red Hawk Casino in Placerville, California ("casino tribe"). Mr. Cabellero's claim has been that the tribe operating the casino has usurped the name "Shingle Springs Miwok" and has denied Mr. Caballero and his family tribal benefits.

    The casino tribe sued Mr. Caballero in a federal court. The complaint alleges that he is infringing upon the casino tribes trademark rights to the name "Shingle Springs Bank of Miwok Indians." After protracted litigation, the Honorable John A. Mendez held Mr. Caballero in civil contempt for refusing abide by a Court order to cease using the name "Shingle Springs Bank of Miwok Indians" in any form of written or electronic communications, and incarcerated him on November 15, 2011. Since that time, Michael Ozeroff, a Sacramento-based lawyer informed me that he is representing the tribal counsel of Mr. Caballero's tribe. Mr. Ozeroff has further informed me that the tribal counsel is the only

Honorable Edmund F. Brennan
United States District Court Judge
November 21, 2011
Re: *United States v. Caballero*
Page 2 of 3

entity that has the authority to comply with Judge Mendez's Order, and that the tribe was never named in the lawsuit. Based upon this information, I believe that a good faith argument can be made that Mr. Caballero cannot comply with Judge Mendez's Order, and, therefore, his continued incarceration is punitive rather than remedial. If so, Mr. Caballero is entitled to counsel to contest the imposition of a "criminal contempt" sanction.

The Supreme Court has distinguished criminal contempt from civil contempt by looking to the "character and purpose" of the sentence. *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005).

> Confinement for contempt is criminal if it is "punitive" and for the purpose of "vindicating the authority of the court." *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441 (1911). In contrast, contempt is civil if it is "remedial" and "for the benefit of the complainant." *Id.* A civil contemnor "carries the keys of his prison in his own pocket" because civil contempt is "intended to be remedial by coercing the defendant to do what he had refused to do." *Id.* at 442 (internal quotation marks omitted). By contrast, imprisonment for a definite period of time, regardless of the contemnor's future actions, is criminal because the contemnor is "furnished no key." *Id.*

Imprisonment for a fixed term is coercive when the contemnor is given the option of earlier release if he complies. *Int'l Union v. Bagwell*, 512 U.S. 821, 828 (1994). By contrast, a fixed sentence of imprisonment is punitive and criminal if it is imposed retrospectively for a "completed act of disobedience," such that the contemnor cannot avoid or abbreviate the confinement through later compliance. *Id.* at 828-829 (quoting *Gompers*, 221 U.S. at 443). When a contempt involves the prior conduct of an isolated, prohibited act, the resulting sanction has no coercive effect: "The defendant is furnished no key, and he cannot shorten the term by promising not to repeat the offense." *Id.* at 829 (quoting *Gompers*, 221 U.S. at 442).

Here, it appears that Mr. Caballero cannot comply with Judge Mendez's Order, since he has no ability to do so. He does not "carr[y] the keys of his prison in his own pocket" because he does not have access the keys. The tribal counsel of his tribe does, and, at this point, it does not appear that it will make them available to Mr. Caballero.

For the foregoing reasons, the undersigned believes that Mr. Caballero's continued incarceration is akin to criminal contempt, and, consequently he

Honorable Edmund F. Brennan
United States District Court Judge
November 21, 2011
Re: *United States v. Caballero*
Page 3 of 3

should have the benefit of appointed counsel to present his position to the district court in an attempt to vacate the finding of contempt.

Respectfully submitted,

WISEMAN LAW GROUP, P.C.

By: _____
JOSEPH J. WISEMAN

## ORDER

Good cause having been shown, IT IS ORDERED THAT the request for ancillary appointment under the Criminal Justice Act is hereby GRANTED.

Dated: 11-28-2011

_____
Honorable ~~Edmund F. Brennan~~ John A. Mendez
~~Magistrate~~ Judge, United States District Court