UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHINGLE SPRINGS BAND OF MIWOK INDIANS,<br><br>        Plaintiff,<br><br>    v.<br><br>CESAR CABALLERO,<br><br>        Defendant. | No. 2:08-CV-03133-JAM-DAD<br><br>**ORDER GRANTING SHINGLE SPRINGS BAND OF MIWOK INDIANS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND ENTRY OF PERMANENT INJUNCTION** |

    The unopposed Motion of Plaintiff Shingle Springs Band of Miwok Indians ("Tribe") for Partial Summary Judgment and Entry of Permanent Injunction was noticed for hearing on February 6, 2013. The Court determined that no hearing was required pursuant to Local Rule 230(g). After considering Plaintiff's papers, and all other matters presented to the Court, and good cause appearing therefor, the Court rules as follows:

    THE COURT HEREBY FINDS THAT, for the reasons set forth in the Tribe's moving papers, no genuine issue of material fact exists, and the Tribe is entitled to partial summary judgment in its favor, as to the Tribe's First, Second, Fourth, and Fifth

1

1   Causes of Action, and as to its unfair competition claim under
2   its Third Cause of Action, and to an order entering a permanent
3   injunction against Defendant Cesar Caballero.
4        THE COURT FURTHER FINDS THAT, as between the parties, the
5   Tribe has superior rights to use the following marks in any
6   format, regardless of spacing and capitalization, (collectively
7   the "Marks"):  "Shingle Springs Band of Miwok Indians," "Shingle
8   Springs Rancheria," "Shingle Springs Band of Miwok Indians,
9   Shingle Springs Rancheria (Verona Tract), California," "Red Hawk
10  Casino," "Shingle Springs Miwok Tribe," "Shingle Springs Miwok
11  Chief," "Shingle Springs Reservation," "Shingle Springs Indian
12  Reservation," marks that consist of or include the terms "Shingle
13  Springs" and "Band(s)," marks that consist of or include the
14  terms "Shingle Springs" and "Miwok(s)," marks that consist of or
15  include the terms "Shingle Springs" and "Indian(s)," and any
16  other marks confusingly similar to "Shingle Springs Band of Miwok
17  Indians," "Shingle Springs Rancheria," "Shingle Springs Band of
18  Miwok Indians, Shingle Springs Rancheria (Verona Tract),
19  California," or "Red Hawk Casino."
20       THE COURT FURTHER FINDS THAT the Tribe is entitled to
21  summary judgment on its First, Second, Third, and Fourth Causes
22  of Action because no genuine dispute exists that (1) the Tribe
23  owns the Marks, (2) the Tribe is the senior holder of the Marks,
24  and (3) Caballero's use of the Marks and confusingly similar
25  terms is likely to cause confusion in the marketplace.  The Court
26  specifically finds that (1) Caballero's use of the exact marks
27  "Shingle Springs Band of Miwok Indians," "Shingle Springs
28  Rancheria," and "Red Hawk Casino" is likely to cause confusion in

2

1  the marketplace; (2) Caballero's use of "Shingle Springs Miwok
2  Tribe," "Shingle Springs Miwok Chief," "Shingle Springs
3  Reservation," "Shingle Springs Indian Reservation" is likely to
4  cause confusion in the marketplace; and (3) Caballero's use of
5  any other marks that consist of or include the terms "Shingle
6  Springs" and "Band(s)," marks that consist of or include the
7  terms "Shingle Springs" and "Miwok(s)," marks that consist of or
8  include the terms "Shingle Springs" and "Indian(s)," is likely to
9  cause confusion in the marketplace.
10    THE COURT FURTHER FINDS THAT the Tribe is entitled to
11  summary judgment on its Fifth Cause of Action because no genuine
12  dispute exists that Caballero has, with a bad faith intent to
13  profit, registered, trafficked in, or used domain names that are
14  identical or confusingly similar to the Tribe's distinctive
15  Marks.
16    THE COURT FURTHER FINDS THAT no genuine dispute exists that
17  prevailing on these claims entitles the Tribe to permanent
18  injunctive relief because (1) Caballero's conduct has caused the
19  Tribe irreparable injury; (2) remedies available at law, such as
20  monetary damages, are inadequate to compensate for that injury;
21  (3) considering the balance of hardships between the Tribe and
22  Caballero, a remedy in equity is warranted; and (4) the public
23  interest would not be disserved by a permanent injunction.
24    THE COURT FURTHER FINDS THAT, good cause exists for an
25  order, pursuant to Rule 41(a)(2) of the Federal Rules of Civil
26  Procedure, (1) dismissing the Tribe's remaining claims, including
27  all claims for compensatory and punitive damages, without
28  prejudice, and (2) preserving the right of the Tribe to reassert

those claims within thirty-six months after entry of judgment (relating back to the date of the original complaint) if Caballero appeals the judgment or fails to comply with the Court's injunction.  The Court finds that Caballero will suffer no legal prejudice from such a dismissal.

It is, therefore:

1.   ORDERED that the Tribe's Motion for Partial Summary Judgment and Entry of Permanent Injunction is granted.  Summary judgment is hereby entered in the Tribe's favor and against Caballero as to the Tribe's First, Second, Fourth, and Fifth Causes of Action, and as to its unfair competition claim under its Third Cause of Action.  There is no just cause to delay enforcement or appeal of this order.

2.   IT IS FURTHER ORDERED THAT a permanent injunction hereby issues, effective immediately, as follows:

Caballero and any other persons or entities acting under his direct control or at his direction are permanently enjoined and restrained from:

   a.   Reproducing, copying, counterfeiting, colorably imitating, or otherwise using in any way without the express written consent of the Tribe, the Marks.
   b.   Registering or applying to register any of the Marks anywhere in the world.
   c.   Opposing, bringing any action against, contesting or challenging the validity of, or the Tribe's use or ownership of, any of the Marks or any of the Tribe's application(s) to register or registration(s) for any of the Marks anywhere in the world.

4

1     d.    Circulating advertising or promotional literature, or
2            advertising any product or service, bearing the Marks.
3     e.    Representing that Caballero is in any way associated or
4            affiliated with, or authorized, approved, or licensed
5            by, the Tribe.
6     f.    Representing that Caballero has ownership of, authority
7            or control over, or entitlement to, the Tribe's
8            personal property, real property, artifacts or human
9            remains, trust land held for the Tribe, assets of any
10            kind, members, government or business operations,
11            business ventures, customers, employees, officers, or
12            agents of the Tribe, including, but not limited to,
13            those of the Shingle Springs Community Health Clinic
14            and/or the Red Hawk Casino.
15     g.    Running, or otherwise distributing any television,
16            radio, print, Internet, electronic correspondence or
17            other ads containing the Marks.
18     h.    Using the Marks on <ShingleSpringsReservation.com>,
19            <ShingleSpringsMiwokTribe.com>,
20            <ShingleSpringsReservation.org>,
21            <ShingleSpringsRancheria.org>,
22            <ShingleSpringsMiwokTribe.org>,
23            <ShingleSpringsIndianReservation.com>,
24            <RedHawkCasino.info>, <RedHawkCasino.net>,
25            <RedHawkCasino.org>, <ShingleSpringsReservation.info>,
26            <ShingleSpringsReservation.biz>,
27            <ShingleSpringsMiwokTribe.info>, <facebook.com>,
28            <Myspace.com>, <Photobucket.com>, including but not

        limited to "championindian's album," <www.championindian.com>, <wildfireprotest.org>, <mewuktribe.com> <Twitter.com>, including but not limited to the Myspace AmericanIndians, MiwokTribe and ChampionIndian pages, <YouTube.com>, including but not limited to the Miwok Promotions channel, and any other websites or web pages in Caballero's control.

i. Registering, trafficking, or using any domain name incorporating the Marks or any variation or derivative thereof, singly, or in combination with any other word or symbol, or any other domain name confusingly similar to the Marks, including, but not limited to, any domain name containing, regardless of capitalization, "ShingleSpringsMiwokTribe," "ShingleSpringsReservation," "ShingleSpringsRancheria," "ShingleSpringsIndianReservation," "RedHawkCasino," and all Caballero's present active and inactive domain names, or those of his affiliates, that incorporate the Marks;

j. Using any DVDs that use the Marks.

k. Distributing in any manner any video, audio, or image that uses the Marks, or causing or permitting anyone to use his voice, name or likeness in connection with any video, audio, or image that uses the Marks.

l. Using any publicity and marketing materials, including flyers, pamphlets, and other such materials that contain instances of the Marks.

6

1       m.   Using any plaques or other signs that contain the
2            Marks.
3       n.   Using the Marks on any deeds, titles, contracts, public
4            records, or other such documents, including but not
5            limited to any fictitious business name statement,
6            business license, or tax identification document
7            anywhere in the world.
8       o.   Holding or using a bank account, checks, credit card,
9            debit card or other financial product under any name
10           containing the Marks.
11      p.   This injunction does not preclude Mr. Caballero from
12           petitioning the Department of Interior for federal
13           recognition for any tribal entity he represents, so
14           long as he does not misrepresent that he is authorized
15           to speak or act for the Tribe;
16      3.   IT IS FURTHER ORDERED THAT Caballero shall, within 60
17   days:
18      a.   Deliver for destruction all articles of merchandise,
19           displays, signs, plaques, advertisements, packaging,
20           brochures, order forms, price lists, or any other
21           materials in Defendant's possession or control or in
22           the possession or control of Defendant's agents which
23           bear the marks "Shingle Springs Band of Miwok Indians,"
24           "Shingle Springs Rancheria," "Shingle Springs
25           Reservation," "Shingle Springs Gaming Commission," "Red
26           Hawk Casino," or any other confusingly similar marks.
27      b.   Abandon, withdraw, or otherwise terminate the legal
28           effect of any fictitious business name statements,

7

|   |   |   |
|---|---|---|
| 1 |    | business licenses, public records, or other such |
| 2 |    | documents that he may have filed in any jurisdiction, |
| 3 |    | as to which he has used "Shingle Springs Band of Miwok |
| 4 |    | Indians," "Shingle Springs Rancheria," "Shingle Springs |
| 5 |    | Reservation," "Shingle Springs Gaming Commission," "Red |
| 6 |    | Hawk Casino," or any other confusingly similar name. |
| 7 | c. | Close any bank account, credit card account, debit card |
| 8 |    | account, or other account held under any name |
| 9 |    | containing the Marks, including but not limited to |
| 10 |   | accounts held with El Dorado Savings Bank, JPMorgan |
| 11 |   | Chase Bank, N.A., and Washington Mutual under the name |
| 12 |   | "Shingle Springs Band of Miwok Indians" or "Shingle |
| 13 |   | Springs Band of Miwok Tribe," or permanently change all |
| 14 |   | names and account titles associated with such accounts |
| 15 |   | to names that do not contain the Marks; destroy all |
| 16 |   | checks, credit cards, and debit cards that bear any |
| 17 |   | name or account title containing the Marks; and destroy |
| 18 |   | all documents associated with those accounts that bear |
| 19 |   | any name or account title containing the Marks or |
| 20 |   | permanently redact all instances of the Marks from such |
| 21 |   | documents. |
| 22 | d. | Remove the Marks from any websites or web pages in |
| 23 |   | Caballero's control, including but not limited to |
| 24 |   | removing "www.shinglespringsreservation.info" from the |
| 25 |   | "championindian" Twitter page, available at |
| 26 |   | <https://twitter.com/championindian>. |
| 27 | e. | Take any action available under the law, including but |
| 28 |   | not limited to asserting and enforcing rights under |

8

```
                California Civil Code, section 3344, or any other law
                prohibiting use of his name, voice, or likeness without
                his consent, to prevent distribution and display of any
                video, advertisement, or other material containing the
                Marks.
```

4. IT IS FURTHER ORDERED THAT Caballero must transfer to the Tribe, at his own cost, the following domain names ("Infringing Domains"):

<ShingleSpringsMiwokTribe.com>
<ShingleSpringsReservation.com>
<ShingleSpringsReservation.org>
<ShingleSpringsRancheria.org>
<ShingleSpringsMiwokTribe.org>
<ShingleSpringsIndianReservation.com>
<RedHawkCasino.info>
<RedHawkCasino.net>
<RedHawkCasino.org>
<ShingleSpringsReservation.info>
<ShingleSpringsReservation.biz>
<ShingleSpringsMiwokTribe.info>

5. IT IS FURTHER ORDERED THAT Caballero shall file with this Court, and serve on the Tribe within 60 days after this Order is filed, a report in writing, under oath, setting forth in detail the manner and form in which Caballero has acted to comply with all of the foregoing requirements

6. IT IS FURTHER ORDERED THAT the Tribe's remaining claims, including all claims for damages, are hereby dismissed, without prejudice. The Tribe may reassert those claims within

9

thirty-six months after entry of judgment (relating back to the date of the Tribe's original complaint) if Caballero appeals the judgment or if Caballero fails to comply with any provision of this Order.

    7.   IT IS FURTHER ORDERED THAT judgment shall be entered consistent with this Order.

    IT IS SO ORDERED.

Dated: February 7, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE