UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHINGLE SPRINGS BAND OF MIWOK INDIANS, <br><br> Plaintiff, <br><br> v. <br><br> CESAR CABALLERO, <br><br> Defendant. | No. 2:08-cv-03133-KJM-AC <br><br> <u>ORDER</u> |

        Plaintiff Shingle Springs Band of Miwok Indians ("Miwok Tribe" or "plaintiff") moves to voluntarily dismiss its claims against defendant Cesar Caballero. Caballero supports the motion. For the following reasons, the court GRANTS the Miwok Tribe's motion to dismiss its first, second, third and fifth claims with prejudice, and its fourth claim without prejudice.

I.     <u>BACKGROUND</u>

        This action commenced on December 23, 2008, and came before this court on May 18, 2016. *See* Order of Recusal by District Judge John A. Mendez, ECF No. 309 (reassigning the case to Judge Kimberly J. Mueller on May 18, 2016). The Miwok Tribe brought this suit against Caballero alleging, among other things, that Caballero "has used, and will continue to use, the Shingle Springs Marks in a commercial venture, trade, or business, and/or for

1

solicitation" without authority or permission. Third Amended Complaint, ECF No. 220, ¶ 35. Of its five causes of action, the Miwok Tribe's fourth cause sought a declaratory judgment that:

> [N]otwithstanding [Caballero's] claims and attestations to the contrary, the Tribe is the owner of the Shingle Springs Marks, that the Tribe used the Shingle Springs Marks prior to any use by [Caballero], that [Caballero] did not commence to transact business under the Shingle Springs Marks in 1914, and that [Caballero] has no rights, and has never had any such rights, to use Shingle Springs Marks in any way.

*Id.* ¶ 57.

The Miwok Tribe moves to voluntarily dismiss the majority of its five claims with prejudice, "and its declaratory relief claim without prejudice, to permit this dispute to proceed before the [Trademark Trial and Appeal Board]." Mot. to Dismiss ("MTD"), ECF No. 324-1, at 7. Caballero opposes, ECF No. 338, and the Miwok Tribe has replied, ECF No. 326.

Subsequently, the Wopumnes Nisenan-Mesuk Tribe ("Wopumnes Tribe") filed a motion to intervene, claiming that plaintiff, the Shingle Springs Band of Miwok Indians, does not have "any legal or historical claim to their land" or the Miwok name, because "they are not members of the WOPUMNES NISENAN-MEWUK tribe and in fact are not members of any state or federally recognized tribe." Mot. to Intervene, ECF No. 331-1, at 13. The Miwok Tribe opposed, ECF No. 333, and the Wopumnes Tribe replied, ECF No. 337.

After the motion to intervene was filed, defendant Caballero's counsel filed a motion to withdraw as Caballero's attorney. ECF No. 332. The court submitted the motion to withdraw, the motion to intervene, and the motion to dismiss without oral argument and resolves them here. *See* ECF Nos. 327, 336.

II.     MOTION TO DISMISS

    A.     Legal Standard

"[A]n action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A "district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (footnote and citations omitted). Legal prejudice means "prejudice to some legal interest, some

2

legal claim, or some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). "The threat of future litigation . . . is insufficient to establish plain legal prejudice." *Id.* at 96 (citations omitted).

B. <u>Discussion</u>

The parties agree that a voluntary dismissal of the Miwok Tribe's claims against Caballero is appropriate. *See* MTD at 7; *see also* Opp'n at 2 ("Plaintiff's claims should accordingly be dismissed with prejudice, because they are non-justiciable"). Caballero only opposes dismissal of plaintiff's declaratory relief claim insofar as that dismissal is without prejudice. *See* Opp'n at 5. However, "[t]he purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (citation omitted). Caballero does not demonstrate he will suffer some plain legal prejudice as a result of dismissal, *see Lenches*, 263 F.3d at 975, and notes he "is presently starting a process of submitting the[] same basic claims [he brought as a cross-complainant here] that the currently-governing board of the Miwok tribe is illegitimate, not Miwok at all, and should be required to step down," presumably before the appropriate federal agency. Opp'n to MTD at 2. Caballero does not claim he will suffer prejudice if the claims are dismissed. *See id.*

In his opposition to the motion to dismiss, Caballero submits a "cross-request for investigation and issuance of sanctions," which he describes as "a formal request for the investigation of a crime that was committed in this court, and in which this Court is a victim along with cross complainant." Opp'n to MTD at 3 (citing 18 U.S.C. § 1031(a) (criminal fraud against the United States)). Specifically, Caballero argues plaintiff has committed fraud on the court by falsely claiming to represent the Miwok Tribe. *Id.* at 5. However, deciding whether to sanction plaintiff for this alleged fraud on the court would require the court to adjudicate whether the Miwok Tribe is properly recognized, a question the court has previously held is a nonjusticiable political question. Order, ECF No. 33 at 2 (citing Fed. R. Civ. Pro. 12(b)(1),(6)). Defendant's request is DENIED.

Because Caballero has not demonstrated he will suffer any plain legal prejudice upon dismissal, the court dismisses the request for declaratory judgment without prejudice and all other claims with prejudice, as plaintiff requests. Plaintiff's motion to voluntarily dismiss is therefore GRANTED.

III. MOTION TO INTERVENE

    A. Legal Standard

The Wopumnes Tribe moves to intervene as of right, under Rule 24(a). Mot. to Intervene at 14.

> Federal Rule of Civil Procedure 24(a) provides:
> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The court applies a four-part test to determine whether intervention by right is proper under Rule 24(a): "(1) the application for intervention must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001) (citation omitted). Rule 24(a) is generally construed "liberally in favor of potential intervenors." *Id.* at 818.

In analyzing the first prong, whether the application is timely, courts evaluate three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene;" (2) "the reason for and length of the delay," and (3) "the prejudice to other parties." *California Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002) (citation omitted). If the court finds the motion was not timely, it need not reach any of the other elements under Rule 24. *Id.*

////

////

4

B. Discussion

The Wopumnes Tribe's motion is not timely under any of the three timeliness factors. *See id.* First, the Wopumnes Tribe moves to intervene at a very late stage in the proceeding, after several motions to dismiss, plaintiff's motion for summary judgment, and an appeal have been resolved. *See, e.g.*, ECF Nos. 33 (order granting plaintiff's motion to dismiss defendant's counterclaims), 236 (plaintiff's motion for summary judgment), 256 (defendant's motion to dismiss), 265 (notice of appeal of order granting partial summary judgment for plaintiff), 302 (notice of reversal and remand of summary judgment order). As to the second factor, this case has been pending for nearly a decade. *See* Compl., ECF No. 1 (filed Dec. 23, 2008). The Wopumnes Tribe does not claim to have been unaware of the suit, but rather attempts to justify its delay by explaining it obtained the "final piece of conclusive evidence of their lineage in December of 2017." Mot. to Intervene at 18. Yet, it took the tribe roughly six months before it was "able to organize and obtain legal representation so they [sic] could finally intervene in this case." *Id.* The tribe does not show why it was necessary to obtain this piece of evidence before intervening in this case, nor why a six-month delay thereafter was justifiable before filing a motion to intervene. Finally, as to the third factor, there would be significant prejudice to the other parties in this case, because they appear to agree the case should be dismissed so it can proceed before the Trademark Trial and Appeal Board. *See* MTD at 7; Opp'n at 2.

Accordingly, the court finds the Wopumnes Tribe's motion to intervene is not timely, as required by Rule 24(a) and (b). *See NAACP v. New York*, 413 U.S. 345, 365 (1973). Because timeliness is a threshold question, the court need not address the other requirements for a motion to intervene. *Id.* The Wopumnes Tribe's motion to intervene is DENIED.

III. CONCLUSION

For the foregoing reasons, the court GRANTS the Tribe's motion to dismiss its first, second, third and fifth claims with prejudice and its fourth claim without prejudice, ECF No.

/////

/////

/////

324. The Wopumnes Tribes' motion to intervene, ECF No. 331, is DENIED. Counsel for defendant's motion to withdraw as counsel in this case, ECF No. 332, is DENIED as moot.

IT IS SO ORDERED.

DATED: June 20, 2019.

_____
UNITED STATES DISTRICT JUDGE