UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHINGLE SPRINGS BAND OF MIWOK INDIANS,<br><br>             Plaintiff,<br><br>      v.<br><br>CESAR CABALLERO,<br><br>             Defendant. | No.  2:08-cv-03133-KJM-AC<br><br>ORDER |

Defendant Cesar Caballero moves to amend[1] the court's July 8, 2019 order dismissing his counterclaims. Plaintiff opposes, ECF No. 349, and defendant has replied, ECF No. 353. For the reasons below, the court DENIES the motion.

I.   BACKGROUND

On February 17, 2009, defendant filed his answer to plaintiff's original complaint, alleging counterclaims against plaintiff Tribe related to the governing council's allegedly false claims that they are "Shingle Springs Miwok" Indians. *See* Answer, ECF No. 11, at 7–28. Plaintiff moved to dismiss the claims, ECF No. 16, and the court granted the motion to dismiss on

---

[1] Defendant's motion is styled "Motion for New Trial and Motion to Alter and Amend the July 8, 2019 Judgment of Dismissal."  ECF No. 345.  Because this case has never gone to trial, the court interprets this as a motion to amend the July 8, 2019 dismissal order.

1

1  May 20, 2009, ECF No. 33.  In its order, the court dismissed plaintiff's counterclaims with
2  prejudice on the basis that "Mr. Caballero's challenge to the Tribe's federal recognition is simply
3  non-justiciable, as the Tribe's status in relation to the United States is a political question beyond
4  the province of any court."  *Id.* at 2 (citing Fed. R. Civ. P. 12(B)(1), (6)).  In direct contravention
5  of this order, defendant included virtually the same counterclaims in his answer to the third
6  amended complaint, styled "affirmative answers" with a "prayer" for judgment.  ECF No. 222.
7  On September 17, 2012, plaintiff moved to dismiss or strike the re-pleaded counterclaims.  ECF
8  No. 226.  The court did not resolve the motion to dismiss or strike until after the court granted
9  summary judgment, ECF No. 259, defendant appealed the decision, ECF No. 266, and the Ninth
10 Circuit reversed and remanded, ECF No. 302.  The court ultimately granted plaintiff's motion to
11 dismiss the counterclaims "because they are identical to defendant's original counterclaims which
12 were dismissed with prejudice."  July 8, 2019 Order, ECF No. 339.  In other words, the court's
13 2019 order was based on the conclusion it reached in the 2009 order.  The court then entered
14 judgment in the case.  ECF No. 341.

15         On July 19, 2019, more than ten years since the court originally dismissed
16 defendant's counterclaims, defendant moves to amend the court's July 8, 2019 dismissal order
17 under Rule 58 on the basis that new information shows the May 20, 2009 order was incorrect.
18 Mot., ECF No. 345, at 4 ("The motion is based on the fact that the Court's previous order dated
19 May 20, 2009 dismissing [sic] Cesar Caballero's counterclaim on the grounds of the
20 nonjusticiable political question doctrine." (citing May 20, 2009 Order, ECF No. 33, at 2)).  On
21 October 1, 2019, defendant also filed a notice of related case in El Dorado County, ECF No. 354
22 (citing El Dorado County Superior Court case no. PC-20190492), and on November 22, 2019, he
23 filed a notice of default proceedings in the aforementioned state case against "current tribal
24 council," ECF No. 355.  On December 12, 2019, the proposed plaintiff-intervenor, the
25 Wopumnes Nisenan-Mewuk Tribe ("Wopumnes Tribe"), filed a "motion for waiver of fees,"
26 ECF No. 358.  The court resolves both motions below.

27
28

II.  JURISDICTION

The court has jurisdiction to decide this motion, which was filed just before the Wopumnes Nisenan-Mewuk Tribe appealed the court's July 8, 2020 order granting plaintiff's motion to dismiss. *See* Not. of Appeal, ECF No. 348. The Ninth Circuit has since dismissed that appeal for failure to prosecute. ECF No. 357. Accordingly, the court resolves the motion to amend below.

III. DISCUSSION

Rule 59(e) provides, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Here, defendant filed his motion eleven days after the court's entry of judgment, and so it is timely. *See* ECF Nos. 340–341, 345.

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations marks and citation omitted). The burden on the moving party is high. *See, e.g.*, *S.E.C. v. Pattison*, No. C-08-4238 EMC, 2011 WL 2293195, at *1–2 (N.D. Cal. June 9, 2011). The Ninth Circuit has articulated four grounds upon which a Rule 59(e) motion may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation omitted). The Rule "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted).

Defendant argues the court should amend its previous dismissal order, because defendant now has evidence to show the federal Bureau of Indian Affairs (BIA) does not have the

3

authority to determine defendant's claim regarding the current governing council of the Shingle Springs Band of Miwok Indians. *See* Mot. at 8. Primarily, defendant bases his motion on a statement made by BIA Superintendent Troy Burdick in a letter dated April 1, 2019, in which he purportedly states, "There is no statute or authority that we know of that would authorize such actions on our part, nor did your client's complaint cite any authority under which we could take such action. As such, we are unable to act on your client's request for relief as described in the complaint." Mot. at 8 (citing Franck Decl., ECF No. 345-2, Ex. C[2]). Defendant argues this shows the Executive Branch "cannot and will not determine these issues," and therefore the court cannot avoid ruling on them based on the political question doctrine. *Id.*

Regardless of the merits of defendant's argument, the motion must be denied because it is an attempt to use Rule 59 to "relitigate old matters [and] raise arguments [and] present evidence that could have been made prior to the entry of judgment." *Exxon Shipping Co.*, 554 U.S. at 485 n.5. Defendant claims to be challenging the court's 2019 dismissal order, but admits that, in truth, he is challenging the court's conclusion in the 2009 dismissal order, upon which the 2019 order is based. Plaintiff provides no explanation why the "evidence" on which he bases the motion could not have been obtained in 2009, when the issue was initially decided, nor why it was not presented to the court before it issued its most recent order. The court notes in particular the BIA correspondence is dated April 1, 2019, two months before the court issued its June 2019 order. *See* Franck Decl., Ex. D. Accordingly, the court finds defendant's Rule 59 motion seeks to "relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping Co.*, 554 U.S. at 485 n.5. It must therefore be DENIED.

Because the court need not rely on the materials referenced in defendant's request for judicial notice, filed in conjunction with his motion to amend, the court DENIES the request as moot.

/////

---

[2] It appears the letter defendant refers to is actually attached as Exhibit D to the Franck Declaration. *See* ECF No. 345-2 at 28.

4

IV.     Motion to Proceed In Forma Pauperis

As mentioned above, on August 8, 2019, proposed plaintiff-intervenor, the Wopumnes Tribe appealed the court's order granting plaintiff's motion to dismiss.  Not. of Appeal, ECF No. 348.  On December 12, 2019, the Ninth Circuit dismissed the appeal for failure to prosecute.  ECF No. 357.  That same day, the Wopumnes Nisenan-Mewuk Tribe filed an application in this case to "proceed in district court without prepaying fees or costs."  ECF No. 358.  The application is DENIED as MOOT given the Ninth Circuit's dismissal of the Tribe's appeal; the Tribe is not a party to this case, as its motion to intervene was denied, ECF No. 339.

This order resolves ECF No. 345 and ECF No. 358.  The case remains closed.

IT IS SO ORDERED.

DATED:  August 13, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE

5